IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 2 3 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JOSE GALVAN, JR., JESUS TREVINO, CARLOS ATKINSON, and CARLOS CASTRO <br>   Plaintiffs, <br><br> VS <br><br> ROBERT C. BONNER, In His Official Capacity as Commissioner, United States Department of the Treasury/ US CUSTOMS & BORDER PROTECTION <br>   Defendant. | § § § § § § § § § § § § § § |

CIVIL ACTION NO. B-04-_____

**B-04-104**

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

COME NOW JOSE GALVAN, JR., JESUS TREVINO, CARLOS ATKINSON, and CARLOS CASTRO, Complainants herein, and would show:

1. <u>Jurisdiction</u>. This Court has jurisdiction over this case pursuant to 28 U.S.C. §1336 (United States Defendant); 28 U.S.C. §1331 (federal question); under 29 U.S.C. §623(d) (ADEA), 29 U.S.C. §2302 (Whistleblower's Act), and 28 U.S.C. §2000e-3a (EEO Act).

2. <u>Parties</u>. Plaintiffs are all employees of the United States Department of The Treasury/Customs & Border Protection, and who have worked for said Defendant in the State of Texas. Defendant U.S. Department of The Treasury/Customs & Border Protection is an agency of the United States federal government sued here through its Commissioner, Robert C. Bonner.

3. <u>Causes of Action</u>. Plaintiffs allege that each has been subjected to retaliation in violation of

court, pre and post judgment interest and that Plaintiffs have such other and further relief to which each may justly be entitled.

Respectfully Submitted,

_____
DENIS A. DOWNEY
Bar No. 06085500
Federal No. 1186
1185 F.M. 802, Suite 3
Brownsville, Texas 78526-1538
956-544-0561 / 956-544-0562 (FAX)

ATTORNEY IN CHARGE

3

Title VII, 5 U.S.C. §2303 and in violation of the ADEA because of complaints filed concerning prohibited discrimination in federal employment. Plaintiffs say that each filed discrimination complaints and has earlier initiated and exhausted relevant administrative remedies and is now therefore entitled to file this lawsuit in federal district court. Plaintiffs say that each was discriminated against in violation of federal law, but that in any case, the filing of legitimate discrimination complaints is a protected activity regardless of the administrative outcome of such complaints.

4. <u>Factual Allegations</u>. Plaintiffs say that each filed discrimination complaints. In violation of relevant principles of agency law Plaintiffs were forced to exhaust their administrative remedies as a putative class. Because of the small number of complainants and diverse nature of complaints a class administrative complaint was inappropriate. Each plaintiff was, vis a vis the respective administrative complaint, within the protected classes of age and national origin. Plaintiffs' discrimination complaints involved discrimination because of national origin (Hispanic) and age (over 40 years of age). The primary government official involved in the discrimination was Douglas Ahearn who openly stated that he intended to "force some old timers to retire." The means used by Ahearn were designed to place physical and mental strain on Plaintiffs. The result was to compromise national security. Further, after the filing of such administrative discrimination complaints, Defendant retaliated against Plaintiffs by taking further adverse employment actions.

5. <u>Judgment Demand</u>. Plaintiffs demand that judgment be entered for the relief requested herein, to wit, that Defendant be ordered not to discriminate against Plaintiffs, not to retaliate against Plaintiffs, that Plaintiffs be awarded compensatory damages, attorneys fees, costs of