UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE GALVAN, JR., JESUS TREVINO, | * | |
| CARLOS ATKINSON and CARLOS CASTRO | * | |
|     Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION No. B-04-104 |
| | * | |
| ROBERT C. BONNER, In his Official Capacity | * | |
| as Commissioner, United States Department | * | |
| of Treasury/U.S. Customs & Border Protection | * | |
|     Defendant. | * | |

## DEFENDANT'S MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

    The Defendant herein moves that this case be dismissed pursuant to Rules 12(b)(2), (4), (5) and(6) and Rule 4(m) of the Federal Rules of Civil Procedure.

In support of this motion, the Defendant submits the following for this Court's consideration:

### *The Defendant is Not a Proper Party*

1.    On June 23, 2004, the Plaintiffs-all of whom are employees of the United States- filed this lawsuit alleging that they had been discriminated against on the basis of age. See Plaintiffs' Original Complaint, ¶¶1 and 3.

2.    A little more than a year *before* filing this complaint, the Plaintiffs' employing agency's functions[1] were transferred from the Department of the Treasury to the Department of Homeland Security.

---

[1] Plaintiffs were all employed with the United States Customs Service during the time period leading up to and/or including the time period relating to the incidents at issue in this lawsuit. In March 2003, the functions of the United States Customs Service were transferred to the Department of Homeland Security, United States Customs and Border Protection.

3. A Plaintiff seeking relief in the district court under the Age Discrimination in Employment Act (ADEA) must sue-as a defendant-the head of an alleged discriminatory agency. *See,* 29 C.F.R. 1614.201.

4. In the case at bar, Plaintiffs have sued "Robert C. Bonner, in his official capacity as Commissioner, United States Department of Treasury/U.S. Customs & Border Protection." *See*, Plaintiffs' Original Complaint caption and ¶ 3 therein.

5. Effective March 1, 2003[2], Robert Bonner no longer served as the Commissioner for Customs under the Department of Treasury as the functions and responsibilities of said agency were transferred to the newly created United States Department of Homeland Security. Mr. Bonner became the Commissioner of Customs and Border Enforcement. Nonetheless, the only proper defendant Plaintiffs could name in this Complaint is Thomas J. Ridge, Secretary for the United States Department of Homeland Security.

6. Therefore, Plaintiffs' Original Complaint should be dismissed pursuant to Rules 12(b)(2) and (6) of the Federal Rules of Civil Procedure.

*Proper Service Has Not Been Perfected*

7. Rule 4(i)(2)(A) of the FRCP dictates that in order to properly serve "an officer...of the United States sued only in an official capacity, is effected by..." :

> **( ) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by**

---

[2] Defendant asks that the Court take judicial notice of this fact; however, should the Court instruct, Defendant is prepared to submit an affidavit indicating the date that the Customs Service functions were transferred to the United States Department of Homeland Security.

> **registered or certified mail addressed to the civil process clerk at the office of the United States attorney and**
> **( ) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and**[3]
> **( ) ... by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.**[4]

8. In the case at bar, the Court's file reflects that between the time this Complaint was filed and up to October 13, 2004, only two summons' were issued in this case. One was issued for Robert Bonner and the other was issued to the Department of the Treasury. Neither Robert Bonner nor the Department of Treasury are proper or correct parties/entities for service purposes.

9. Rule 4(i)(2)(A) of the Federal Rules of Civil Procedure requires that in addition to serving the affected agency with a summons and complaint, the Plaintiffs are also required to serve the United States Attorney for the Southern District of Texas and the United States Attorney General with a copy of the summons and complaint. *See also*, Rules 4(i)(1)(A),(B), and (C) of the FRCP.

10. On October 13th and 18th, 2004, this Court noted that service had not been perfected on the Defendant and ordered the Plaintiffs to perfect service and provide proof of same. See Docket Entry Nos. 3 and 5.

11. During this same time period, Plaintiffs' counsel was advised by the undersigned of his obligations under the Federal Rules of Civil Procedure and was provided detailed information on how to perfect service upon the Defendant. See Defendant's Exhibit "A".

---

[3] Quoting from Rule 4(i)(1)(A) and (B), FRCP

[4] Quoting from Rule 4(i)(2)(A), FRCP; see also, Rule 4(i)(1)(C), FRCP.

12. Soon thereafter, the Plaintiffs caused to be issued a summons and Complaint to Thomas Ridge, the Secretary of the Department of Homeland Security. To date, however, Plaintiffs' have not had summons' issued to either the United States Attorney or to the United States Attorney General. Accordingly, this case should be dismissed for lack of service pursuant to Rules 12(b)(4) and (5) of the Federal Rules of Civil Procedure.

13. Further, this action should be dismissed for failure to prosecute. Rule 4(m) of the Federal Rules of Civil Procedure allows for the dismissal of a lawsuit if it is not served upon the Defendant within 120 days of the filing of the Complaint. In the case at bar, Plaintiffs filed this suit approximately one hundred, seventy-five (175) days ago on June 23, 2004. Over sixty (60) days have elapsed since this the undersigned advised counsel of how to perfect service on the Defendant; and, over sixty days have elapsed since this Court first admonished the Plaintiffs about perfecting service. See Defendant's Exhibit "A" and Docket Entry Nos. 3 and 5. Unless Plaintiffs can demonstrate good cause explaining their failure to perfect service, this Court should dismiss this case for failure to prosecute. Rule 4(m), FRCP.

*Plaintiffs Have Alleged an Incorrect Jurisdictional Basis for Suit*

14. At ¶ 1 of "Plaintiffs' Original Complaint," Plaintiffs cite to 29 U.S.C. § 623(d) as the jurisdictional basis supporting their suit. This section of the ADEA, however, does not apply to federal employees[5].

15. In addition, at ¶ 1 of "Plaintiffs' Original Complaint," Plaintiffs cite to what they

---

[5] 29 U.S.C. § 633a is the exclusive remedy for federal employees bringing age discrimination claims.

term as the "EEO Act" in Title 28 of the United States Code.  There is no "EEO Act" at Title 28 of the United States Code[6].

16. Also, again at ¶ 1 of "Plaintiffs' Original Complaint," Plaintiffs cite to another unsupportable basis for jurisdiction by referring to 28 U.S.C. § 1336.  This section refers to "Surface Transportation Board's orders" which are clearly not at issue in this complaint.

17. Finally, Plaintiffs allege as another basis for jurisdiction a purported "Whistleblower's Act" allegation at 29 U.S.C. § 2302.  This statute, however, has nothing to do with the "Whistleblower's Act."  Rather, this repealed statute related to the "Displaced Homemakers Self-Sufficiency Assistance Program."

15. Consequently, all Plaintiffs' allegations involving the "EEO Act" , the "Whistleblower's Act", and the ADEA should be dismissed for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

*Improper Joinder of Parties*

16. Plaintiff, Carlos Atkinson, is presently a plaintiff in another lawsuit pending before the Honorable Andrew S. Hanen, United States District Judge assigned to the Brownsville Division of this district.  That lawsuit is styled: *Carlos Atkinson v. Thomas Ridge,* Civil Action No. B-04-039.

17. In that lawsuit, Plaintiff Atkinson alleges that he was discriminated against on the basis of age when he was denied a promotion.  Plaintiff Atkinson had two

---

[6]Most likely it was Plaintiffs intent to refer to Title 42 of the United States Code.  If such is the case, Defendant reserves its argument that these Plaintiffs have not stated a viable claim for recovery on the basis of retaliation.  See ¶ 3, Plaintiffs' Original Complaint. According to the EEO decisions obtained regarding these Plaintiffs, there was never an allegation of retaliation.  In order to recover for claims of retaliation, a federal employee must exhaust his administrative remedies against his federal employer before bringing suit under Title VII in Federal court.  See *Brown v. General Services Administration*, 425 U.S. 820, 832-33 (1976).

appeals pending with the EEOC. One of those appeals (involving his non-selection for promotion) was decided against him on December 2, 2003.

18. The second appeal–also alleging age discrimination on the basis of purported statements made by Douglas Ahern-was decided against Plaintiff Atkinson on May 5, 2004. It is possible that the allegations Plaintiff Atkinson has made in this complaint (and the second EEO appeal discussed) have already been subsumed in the lawsuit Plaintiff Atkinson filed in B-04-039.

19. Accordingly, Plaintiff Atkinson should be dismissed from this lawsuit since it appears that his claims relating to this incident are–or will be-addressed in the lawsuit he filed under B-04-039.

## *Prayer*

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court dismiss Plaintiffs' Complaint pursuant to Rules 12(b) (2), (4), (5) and (6) of the Federal Rules of Civil Procedure and/or Rule 4(m) of the Federal Rules of Civil Procedure.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

  /s/ Nancy L. Masso
NANCY L. MASSO
Assistant U.S. Attorney
600 E. Harrison, #201
Brownsville, TX 78520
Tel:   (956) 548-2554
Fax:   (956) 548-2549
Texas State Bar No. 00800490
Federal I.D. No. 10263

## **CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the true and foregoing "Defendant's Motion to Dismiss" via Certified Mail, Return Receipt Requested to Mr. Denis Downey, Attorney at Law, 1185 FM 802, Suite No. 3, Brownsville, Texas 78526-1538.

Signed: January 5, 2005                    /s/ Nancy L. Masso
                                                                 Nancy L. Masso
                                                                 AUSA