IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE GALVAN, JR, ET AL., | § § § | |
| PLAINTIFFS, | § § § | |
| v. | § | C.A. NO. B-04-104 |
| | § § | |
| ROBERT C. BONNER | § § | |
| DEFENDANT. | § | |

## OPINION AND ORDER

BE IT REMEMBERED that on July 25, 2005, the Court **GRANTED** Defendant's Motion to Dismiss [Dkt. No. 6].

### I. Introduction and Factual Background

Plaintiffs bring this action seeking redress for alleged age discrimination in their employment with the United States Customs Service.[1] Under the Age Discrimination in Employment Act ("ADEA"), Plaintiffs allege older employees were promoted less often and given less desirable work assignments than younger co-workers with less qualifications. *See* Pls' Original Cmplt. ¶ 4; *see also* 29 U.S.C. § 621, et seq. Defendant seeks dismissal pursuant to Federal Rules of Civil Procedure 4(m), 12(b)(2), (b)(4), (b)(5), and (b)(6). Plaintiffs failed to respond to Defendant's Motion to Dismiss. The Court addresses each ground for dismissal in turn.

---

[1] As Defendants point out, in March, 2003, the functions of the United States Customs Service were transferred to the Department of Homeland Security, United States Customs and Border Protection.

1

## II. Proper Party

### A. Defendant's Argument that it is Not a Proper Party

Defendant argues the named Defendant, Robert Bonner, no longer serves as the Commissioner for the Customs Service within the Department of Treasury because the agency's functions were transferred to the Department of Homeland security over a year before Plaintiffs filed their original complaint on June 23, 2004. Defendant argues the only proper defendant in this action is the Secretary for the Department of Homeland Security. Defendant moves for dismissal under Rules 12(b)(2), based in the improper naming of Robert Bonner as a defendant, and 12(b)(6) for failure to raise a claim on which relief may be based.

### B. Legal Standards

The failure to name the correct party as a defendant may implicate this Court's authority to exercise personal jurisdiction over the defendant. Additionally, however, insufficient process and insufficient service of process raises the issue of personal jurisdiction over the Defendant. *See, e.g., Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). Because the Court addresses the personal jurisdiction issue in relation to Plaintiffs' failure to perfect process and service of process pursuant to Rules 12(b)(4) and (b)(5), the Court will analyze in this section Defendant's Motion to Dismiss under Rule 12(b)(6) for failure to state a claim.

A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted." *Kennedy v. Tangipahoa Parish Library Bd. of Control*, 224 F.3d 359, 365 (5th Cir. 2000); *see also Lowrey v. Texas A & M University System*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). Fifth Circuit law dictates that a district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). A complaint will not be dismissed "unless it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Baton Rouge Bldg. & Constr. Trades Council AFL-CIO v. Jacobs Constructors, Inc.*, 804 F.2d 879, 881 (5th Cir. 1986). The Fifth Circuit has held, however, that dismissal is appropriate "if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (citation omitted).

### C. Analysis

In the Fifth Circuit, the proper defendant to be sued under the ADEA in a federal employment action is the head of the alleged discriminatory agency. *See Honeycutt v. Long*, 861 F.2d 1346, 1349 (5th Cir. 1988); *Hall v. Small Bus. Admin.*, 695 F.2d 175, 180 (5th Cir. 1983) (stating in Title VII context head of agency is the proper defendant) (citations omitted); see *also* 29 C.F.R. 1614.201. Robert Bonner is not the head of the alleged discriminatory agency, nor does the Customs Service fall under the administration of the Treasury Department. As a result, Plaintiffs failed to name the correct defendant. Moreover, "a misnomer of party situation exists only where the named defendant and the correct defendant are connected in some way, such as sharing the same general counsel or office space." *Bulley v. Toastmaster, Inc.*, 86 Fed. Appx. 6, 10 (5th Cir. 2003) (unpublished opinion); *see also Grandey v. Pacific Indem. Co.*, 217 F.2d 27, 29 (5th Cir. 1954) ("[T]he test should be whether on the basis of an objective standard, it is reasonable to conclude that the plaintiff had in mind a particular entity or person, merely made a mistake as to the name, and actually served the entity or person intended; or whether plaintiff actually meant to serve and sue a different person."). In this case, Plaintiff intended to sue, and actually served, an incorrect defendant that could not be held liable for the alleged actions. The fact that the defendant actually served and the defendant Plaintiff intended to serve are both part of the United States does not sufficiently connect the two entities for the purpose of applying the misnomer principle. Finally, even if the Court applied the misnomer principle, Plaintiffs still failed to effect proper service and service of process and failed to prosecute this case. *See* discussion *infra* Part III. As a result, Plaintiffs have failed to state a claim against the Defendant, and the claim

should be dismissed pursuant to Rule 12(b)(6).

### III. Proper Service

#### A. Defendant's Argument that Proper Service Has Not Been Perfected

Defendant argues Plaintiffs failed to properly serve the United States pursuant to Federal Rule of Civil Procedure 4(i)(2)(A), and thus the case should be dismissed under Federal Rules of Civil Procedure 12(b)(4) and (b)(5). Moreover, by their failure to serve either the United States Attorney or the Attorney General, Defendant argues this case should be dismissed for failure to prosecute under Rule 4(m).

Plaintiffs filed their complaint on June 23, 2004. Two summonses were issued on June 23, 2004, – one to Robert Bonner and the other to the United States Department of Treasury, United States Customs and Border Protection. On October 13, 2004, the Court ordered Plaintiffs to file executed returns of service with the Court no later than October 15, 2004. Without the returns of service, the Court could not proceed with its initial pretrial conference without Defendant present. The next day, on October 14, 2004, Plaintiffs filed a letter with the Court explaining that although they mailed a summons to Commissioner Bonner on June 28, 2004, they had not received a return receipt, and thus they requested the issuance of a new summons. The letter did not reference the summons issued to the Department of Treasury. On October 18, 2004, having no executed returns of service on file, the court cancelled the initial pretrial conference.

During this time period, on October 13, 2004, the Assistant United States Attorney representing Defendant in this action informed Plaintiffs of the infirmities in perfecting service, and detailed the proper procedures for perfecting service on the United States. *See* Def's Motion to Dismiss, Attachment 1 (letter). The letter references previous conversations between counsel concerning these procedures, indicates that Robert Bonner was improperly named as a defendant, and states Thomas Ridge, as Secretary of the Department of Homeland Security, is the proper defendant. Despite this correspondence, Plaintiffs failed

to amend their complaint to name the correct party, failed to perfect service[2] or file any executed returns of service with the Court, and failed to respond to Defendant's Motion to Dismiss

### B. Legal Standards

Federal Rule of Civil Procedure 4 generally outlines the process by which a plaintiff must effectuate service of summons. Rule 4 and subparts (i)(1)(A), (i)(1)(B), and (i)(2)(A) set forth the manner in which a plaintiff must serve the United States as a defendant. Rule 4 mandates that service upon the United States shall be effected by: (1) delivering a copy of the summons and complaint to the United States Attorney, or a designee, for the district in which the action is brought, or by sending the summons and complaint by registered or certified mail; *and* (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States in Washington, District of Columbia; *and* (3) by sending a copy of the summons and complaint by registered or certified mail to the officer or employee sued in their official capacity or the agency or corporation sued. Defendant does not contest that a summons and complaint were issued to the Secretary of the Department of Homeland Security, but Plaintiffs failed to issue a summons and complaint to either the United States Attorney in the Southern District of Texas or the United States Attorney General.

> Rule 4(m) provides:
>
> If a service of summons and complaint is not made upon defendant within 120 days after the filing of the complaint, the court upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specific time; provided that if the plaintiff shows good cause for the failure, the court *shall* extend the time for service for an appropriate period.

When a plaintiff fails to comply with Federal Rule of Civil Procedure 4, the defendant may file a motion to dismiss pursuant to Federal Rules 12(b)(4) and 12(b)(5) for

---

[2] A new summons, however, was issued on October 15, 2004, to Thomas Ridge, Secretary of the Department of Homeland Security. Plaintiffs never filed an executed return of service, nor did they request a summons be issued to the United States Attorney General or the United States Attorney for the Southern District or his designee.

insufficiency of process and insufficiency of service of process. Plaintiff is suing the United States, and as a sovereign, the specific requirements for service cannot be waived. Courts also have discretion to dismiss a cause of action for failure to prosecute under Rule 4(m), but they should do so only if Plaintiffs have had an opportunity to demonstrate good cause of their untimely service. Stated differently, a court must extend the time for service when Plaintiffs show good cause. *See Thomson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). The good cause requirement, although not perfectly defined, requires a plaintiff to diligently attempt to serve the defendants. *See Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022 (5th Cir. 1995) ("In short, one is required to be diligent in serving process, as well as pure of heart, before good cause will be found."). Rule 4(i)(3), however, states that "the court shall allow a reasonable time to serve process under Rule 4(i) for the purpose of curing the failure to serve."

### C. Analysis

To date, Plaintiffs have not served, or made even an imperfect attempt to serve the United States Attorney or the Attorney General. Plaintiffs' failure to respond to Defendant's Motion to Dismiss, and Defendant's efforts to inform Plaintiffs of the proper procedures through notification by letter and verbal conversations with Plaintiffs' counsel, lead the Court to conclude Plaintiffs have not made a diligent attempt to serve Defendants. Defendant's Motion to Dismiss has been on file with this Court since January 2005. At no point since that time have Plaintiffs made any attempt to rectify the infirmities in service. For these reasons, the Court **dismisses** Plaintiffs' complaint for failure to perfect proper service pursuant to Rules 12(b)(4) and (b)(5), and for failure to prosecute pursuant to Rule 4(m).

### IV. Jurisdictional Basis for Suit

### A. Defendant's Argument that Plaintiffs Alleged an Incorrect Jurisdictional Basis for Suit

Defendant argues Plaintiffs incorrectly cite the jurisdictional basis for suit. Namely,

Plaintiffs cite: 29 U.S.C. § 623(d) instead of 29 U.S.C. § 633a, which provides the exclusive remedy for federal employees bringing a discrimination claim under the ADEA; 28 U.S.C. § 1336, which refers to the inapplicable Surface Transportation Board; the "EEO Act" in Title 28 instead of Title VII pursuant to 42 U.S.C. § 2000e, et seq; and a claim under the "Whistleblower Act," pursuant to 29 U.S.C. § 2302, which references a repealed statute inapplicable to this case. As a result, Defendant moves to dismiss Plaintiffs' cause of action for failure to state a claim.

### B. Analysis

Although Plaintiffs have cited to a number of inapplicable statutes, they have stated a claim–albeit imperfectly–under the ADEA. *See* 29 U.S.C. § 633a. Plaintiffs' failure to correctly cite 29 U.S.C. § 633a is not fatal to their claim. As a result, the Court declines to dismiss Plaintiffs' cause of action on this ground.

### V. Improper Joinder of Parties

### A. Defendant's Arguments that Plaintiff Carlos Atkinson Should be Dismissed

On February 25, 2004, Carlos Atkinson filed a nearly identical complaint in the Southern District of Texas before the Honorable Andrew S. Hanen, styled *Carlos Atkinson v. Thomas J. Ridge*, Civil Action B-04-39. This same Plaintiff, along with two other individuals, filed a complaint in this Court on June 23, 2004. The same counsel filed both complaints. For reasons this Court cannot comprehend, counsel for Plaintiff in the earlier action correctly named Thomas Ridge as a proper Defendant and issued a summons on him in his official capacity.

### B. Analysis

The Fifth Circuit "adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power, Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). Although the Court would be inclined to dismiss Plaintiff

Atkinson's case or consolidate it with his previously-filed case in a sister court, the Court declines to do so when it will dismiss the present case based on the infirmities discussed earlier in this opinion.  *See Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985) ("When a plaintiff files a second complaint alleging the same cause of action as a prior, *pending*, related action, the second complaint may be dismissed.") (citations omitted); *see also Save Power*, 121 F.3d at 950 ("[R]egardless of whether . . . the suits . . . are identical, if they overlap on the substantive issues, the cases would be required to be consolidated in . . . the jurisdiction first seized of the issues." (quoting *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 n.6 (5th Cir. 1971))).  The Court, therefore, declines to dismiss Plaintiff Carlos Atkinson's claims on this ground.

## VI.  Conclusion

Plaintiffs have demonstrated a lackadaisical and sloppy approach to litigating this case in both the content of the complaint as well as the procedures employed for properly naming and serving the Defendant.  Moreover, two Court orders indicating returns of service had not been filed, verbal and written correspondence from the Defendant to Plaintiffs' counsel concerning procedural infirmities, and Defendant's Motion to Dismiss explicitly outlining the grounds upon which Defendant sought dismissal  sufficiently provided Plaintiffs with notice of a potential dismissal.  Finally, Plaintiffs failure to respond to Defendant's Motion to Dismiss severely hampers any argument of good cause Plaintiffs may have made in mitigation of the failure to prosecute.  For the reasons stated in this opinion, the Court **GRANTS** Defendant's Motion to Dismiss [Dkt. No. 6].

DONE this 25th day of July, 2005, at Brownsville Texas.

_____

Hilda G. Tagle
United States District Judge